1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTONIA C. SMITH,

11            Plaintiff,                    No. CIV 12-718 GEB EFB PS

12        vs.

13   DANIEL HORTON; THE RIDGEWAY
     COURTHOUSE; and CPS;
14
              Defendants.                   <u>ORDER</u>
15   _____/

16        This case, in which plaintiff is proceeding *in propria persona*, was referred to the

17   undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks

18   leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Dckt. No. 2.  Plaintiff's

19   declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, the

20   request to proceed *in forma pauperis* will be granted.  28 U.S.C. § 1915(a).

21        Determining plaintiff may proceed *in forma pauperis* does not complete the required

22   inquiry.  Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it

23   determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

24   state a claim on which relief may be granted, or seeks monetary relief against an immune

25   defendant.

26   ////

1

1  Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2  520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if

3  it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4  *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5  (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of

6  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7  a cause of action's elements will not do.  Factual allegations must be enough to raise a right to

8  relief above the speculative level on the assumption that all of the complaint's allegations are

9  true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

10  legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12  In reviewing a complaint under this standard, the court must accept as true the allegations

13  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

14  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

15  the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must

16  satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule

17  8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

18  pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

19  grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

20  (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21  Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

22  those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins.*

23  *Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &

24  1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question

25  jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)

26  allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

2

(3) be authorized by a federal statute that both regulates a specific subject matter and confers

federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity

jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000. 28 U.S.C.

§ 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A

case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.

*Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by

either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593,

594-95 (9th Cir. 1996).

Here, it is unclear from plaintiff's complaint precisely what she is alleging and/or what

relief she is seeking from the court. *See* Dckt. No. 1. The complaint includes numerous

allegations regarding misconduct by Judge Daniel Horton and the courthouse in which he

presided, as well as misconduct by the Department of Child Support Services. *Id.* She requests

$100,000 because "this was clearly a case to which my children should not have been removed."

*Id.* at 2. However, she has not alleged any specific causes of action or any facts in support of

those causes of action, and she has not specifically alleged how she suffered an injury as a result

of defendants' conduct.

Because it is unclear from plaintiff's complaint whether she alleges any cognizable legal

theory, the complaint will be dismissed. However, plaintiff is granted leave to file an amended

complaint, if she can allege a cognizable legal theory and sufficient facts in support of that

cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

(district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

their complaints).

Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each

limited as far as practicable to a single set of circumstances," as required by Federal Rule of

Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the

left margin, as required by Eastern District of California Local Rules 130(b) and 130(c).  Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1.  Plaintiff's request for leave to proceed *in forma pauperis* is granted.

2.  Plaintiff's complaint is dismissed with leave to amend.

3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."  Plaintiff must file an original and two copies of the amended complaint.  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED:  April 19, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4