IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIA C. SMITH,

        Plaintiff,                    No. CIV 12-718 GEB EFB PS

    vs.

DANIEL HORTON; THE RIDGEWAY COURTHOUSE; and CPS;

        Defendants.              ORDER

        This case, in which plaintiff is proceeding *pro se* and *in forma pauperis*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21). On April 19, 2012, the court dismissed plaintiff's complaint and granted plaintiff thirty days to file an amended complaint. Dckt. No. 3.

        On May 8, 2012, plaintiff filed a document labeled "First Amended Complaint." Dckt. No. 4. However, the document is not a complete amended complaint; rather, it appears the document was intended as a supplement to plaintiff's initial complaint.[1] *Id.* at 1. As noted in the April 19 order, the court cannot refer to prior pleadings in order to make an amended complaint complete. Dckt. No. 3 at 4. Local Rule 220 requires that an amended complaint be complete in

---

[1] It also appears that the document is missing the first few pages.

itself. E.D. Cal. L.R. 220 ("[E]very pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading."). This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Additionally, although the April 19 order stated that any amended complaint must plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b); must be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c); must use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b); and must plead clear facts that support each claim under each header, Dckt. No. 3 at 3-4, plaintiff's purported amended complaint does not comply with any of those requirements.

Accordingly, plaintiff's purported amended complaint will be dismissed. Plaintiff will be given additional time to file a proper amended complaint to the extent that plaintiff can allege a specific, cognizable legal theory or theories and sufficient facts that supports plaintiff's right to relief on each such theory. Dckt. No. 3 at 3. The amended complaint must comply with all of the procedural requirements explained in the April 19 order and reiterated herein, and plaintiff is once again reminded that the court cannot refer to prior pleadings in order to make an amended complaint complete.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 8, 2012 purported first amended complaint, Dckt. No. 4, is dismissed with leave to amend.

2. Plaintiff is granted thirty days from the date of service of this order to file a proper second amended complaint. The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Plaintiff must file an original and two copies of the second amended complaint. Failure to timely file a second amended complaint in accordance with this order will result in a recommendation this action be dismissed.

Dated: May 9, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3